**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Greg Alfson, as Trustee of the James R. Alfson Trust, Gregory J. Alfson, David B. Alfson, John R. Alfson, and Linda R. Alfson, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| Brigham Oil & Gas, L.P., | )<br>) |
| Defendant, | ) **ORDER GRANTING PLAINTIFFS'**<br>) **MOTION FOR REMAND** |
| and | )<br>) |
| Brigham Oil & Gas, L.P., | )<br>) |
| Counterclaim Plaintiff, | )<br>) |
| vs. | )<br>) Case No. 4:09-cv-076 |
| Greg Alfson, as Trustee of the James R. Alfson Trust, Gregory J. Alfson, David B. Alfson, John R. Alfson, Linda R. Alfson, Verda R. Alfson Trust, the Estate of Verda R. Alfson, and Susan J. Alfson, | )<br>)<br>)<br>)<br>)<br>) |
| Counterclaim Defendants, | )<br>) |
| and | )<br>) |
| Brigham Oil & Gas L.P., | )<br>) |
| Third-Party Plaintiff, | )<br>) |
| vs. | )<br>) |
| Verda R. Alfson Trust, the Estate of Verda R. Alfson, and Susan J. Alfson, | )<br>)<br>) |
| Third-Party Defendants. | ) |

The action was originally filed in Williams County District Court in North Dakota. The action was

removed to federal district court on November 19, 2009, by Defendant/Third-Party Plaintiff Brigham Oil &

Gas, L.P.  See Docket No. 1.  On November 24, 2009, the Plaintiffs timely filed a motion to remand the action to the Williams County District Court pursuant to 28 U.S.C. § 1447 and request attorney fees for costs relating to the motion.  See Docket No. 4.  On December 10, 2009, Brigham Oil & Gas filed a response in which it stipulates to the entry of an order remanding the action to Williams County District Court.  See Docket No. 15.  For the reasons outlined below, the Plaintiffs' motion to remand is granted and the Plaintiffs' request for attorney fees is denied.

**I.     BACKGROUND**

The Plaintiffs filed a short, two-page complaint in Williams County District Court dated October 22, 2009, alleging that the Plaintiffs own minerals in Williams County, North Dakota "within a unit where there is a producing well (Olson 10-15-1H) drilled and operated by Brigham.  Brigham has failed and refused to pay Plaintiffs the royalties due [to] them under the well."  See Docket No. 1-1.  The complaint does not provide any information as to the citizenship of the parties.  Brigham Oil & Gas subsequently removed the action to federal district court believing that diversity jurisdiction existed among the parties.

On November 24, 2009, the Plaintiffs filed a motion to remand, alleging that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.  In the motion, the Plaintiffs state for the first time the citizenship of the parties.  Defendant Brigham Oil & Gas is a limited partnership and one of its partners is a citizen of Texas.  Plaintiff David B. Alfson is a resident of the State of Texas.

**II.    LEGAL DISCUSSION**

"Federal district courts may exercise removal jurisdiction only where they would have had original jurisdiction had the suit initially been filed in federal court."  Krispin v. May Dep't Stores Co., 218 F.3d 919, 922 (8th Cir. 2000); see 28 U.S.C. § 1441.  The Eighth Circuit has explained:

> "A federal question is raised in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  This well-pleaded

2

> complaint rule requires that a federal cause of action must be stated on the face of the complaint before the defendant may remove the action based on federal question jurisdiction. A federal defense . . . does not give the defendant the right to remove to federal court.

In re Otter Tail Power Co., 116 F.3d 1207, 1213 (8th Cir. 1997) (internal citations omitted).

Following removal of a case to federal court, a plaintiff can seek remand of the action back to state court. 28 U.S.C. § 1447(c). "The language of section 1447(c) mandates a remand of the case (to the state court from which it was removed) whenever the district court concludes that subject-matter jurisdiction is nonexistent." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003) (citing In re Atlas Van Lines, Inc. v. Poplar Bluff Transfer Co., 209 F.3d 1064, 1066-67 (8th Cir. 2000); 28 U.S.C. § 1447(c)). Lack of subject matter jurisdiction cannot be waived. Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002); In re Business Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). Federal district courts must resolve all doubts about federal jurisdiction in favor of remand.

The basic federal jurisdiction statutes are contained in 28 U.S.C. § 1330, et seq. Specifically, 28 U.S.C. § 1331 confers "federal question" jurisdiction and 28 U.S.C. § 1332 confers "diversity" jurisdiction in federal court. 28 U.S.C. § 1332 provides in relevant part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
>
>     (1) citizens of different States;

Parties to a federal civil action cannot create subject matter jurisdiction where none exists. Lack of subject matter jurisdiction may be raised by any party or by the district court sua sponte. Jurisdiction issues may be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking. Krein v. Norris, 250 F.3d 1184, 1187 (8th Cir. 2001) (citing Thomas v. Basham, 931 F.2d 521, 522-23 (8th Cir. 1991)).

Federal diversity jurisdiction requires that all parties to the action be "citizens of different States." 28 U.S.C. § 1332(a). The citizenship of the parties is a jurisdictional fact in diversity actions and the burden is

on the plaintiff to plead and prove such facts.  Any instance of common citizenship prevents federal diversity jurisdiction.  Diversity of citizenship is determined at the time the action is filed and complete diversity among all parties is required under 28 U.S.C. § 1332.  <u>Associated Ins. Mgmt. v. Ark. Gen. Agency, Inc.</u>, 149 F.3d 794, 796 (8th Cir. 1998).

It is clear from a careful review of the pleadings and filings that neither diversity jurisdiction nor federal question jurisdiction were properly pled in this action nor does it exist.  Both Plaintiff David B. Alfson and Defendant Brigham Oil & Gas are citizens of Texas.  In order to invoke the subject matter jurisdiction of the federal court, the matter in controversy must exceed the sum or value of $75,000 <u>and</u> the controversy must be between citizens of different states.  Complete diversity among all the parties is lacking as required under 28 U.S.C. § 1332.  There is also no federal question or any issues of federal law to be addressed.  Simply stated, this Court does not have subject matter jurisdiction over this action.  It is clear that the appropriate forum to resolve the Plaintiffs' claims is the state district court.  The Court **GRANTS** the Plaintiffs' motion to remand (Docket No. 4), and **DENIES** the Plaintiffs' request for attorney fees.

**IT IS SO ORDERED.**

Dated this 11th day of December, 2009.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court